Argued and submitted November 2, 2010, reversed January 5, 2011

## Adam Michael JOHNSON,
*Petitioner-Respondent,*

*v.*

## Kenneth Matthew McNAMARA,
*Respondent-Appellant.*

Jackson County Circuit Court
091674Z0; A142361

245 P3d 707

James A. Palmer argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

BREWER, C. J.

---

* Brewer, C. J., *vice* Landau, P. J.

**BREWER, C. J.**

■  Petitioner obtained a stalking protective order (SPO) against respondent. Respondent appeals, arguing that the record does not contain facts or supporting inferences that meet the statutory requirements for such an order. On *de novo* review, *Osborne v. Fadden*, 225 Or App 431, 433, 201 P3d 278, *rev den*, 346 Or 213 (2009), we agree.[1] Accordingly, we reverse.

■ ■  The legal standards governing the issuance of an SPO are well settled. We recently summarized them as follows:

"To obtain an SPO against a person under ORS 30.866(1), a petitioner must demonstrate by a preponderance of the evidence that

" '(a)  The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

" '(b)  It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

" '(c)  The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household.'

"ORS 30.866(1) has both subjective and objective components. To satisfy the subjective component, the petitioner must show that he or she was alarmed or coerced by the contacts, and that the contacts caused apprehension regarding his or her personal safety or the personal safety of a member of his or her immediate family or household. ORS 30.866(1)(a), (c); *Weatherly v. Wilkie*, 169 Or App 257, 259, 8 P3d 251 (2000). To satisfy the objective component, 'the contacted person's alarm or coercion must be objectively reasonable' and that person's apprehension for his or

---

[1] Our standard of review was recently amended. Or Laws 2009, ch 231, § 2. The amendments apply to appeals in which the notice of appeal was filed on or after June 4, 2009. Or Laws 2009, ch 231, § 3. Because the notice of appeal in this case was filed on June 3, 2009, we review *de novo*.

her personal safety must also be objectively reasonable. ORS 30.866(1)(b); *Pinkham v. Brubaker*, 178 Or App 360, 372, 37 P3d 186 (2001).

"ORS 30.866(1) also requires that the petitioner establish that the contacts that are the basis for the petition were repeated and unwanted. 'Repeated' contact means two or more contacts within the previous two years. ORS 30.866(6); ORS 163.730(7). The contacts may include, among other things, coming into the person's visual or physical presence; following the person; waiting outside the person's home, property, place of work, or school; speaking with the person; or sending or making written communications of any kind. ORS 163.730(3).

"If the contact involves speech, Article I, section 8, of the Oregon Constitution requires proof that the contact constitutes a threat. A threat 'is a communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts.' *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999). But a threat does not include 'the kind of hyperbole, rhetorical excesses, and impotent expressions of anger or frustration that in some contexts can be privileged even if they alarm the addressee.' *State v. Moyle*, 299 Or 691, 705, 705 P2d 740 (1985)."

*Swarringim v. Olson*, 234 Or App 309, 311-12, 227 P3d 818 (2010).

A detailed discussion of the facts of this case would not benefit the bench, bar, or public. It suffices to say that respondent sent petitioner several letters over several months that petitioner found to be annoying. Respondent continued to send petitioner letters despite petitioner's request that he stop. However, none of those letters contained any threats or intimations of physical harm. On one occasion, respondent attempted to talk to petitioner as they were both leaving a classroom, and respondent placed his hand on the door to the classroom. Petitioner believed respondent intended to prevent him from leaving the room; petitioner declined to speak to respondent and pushed past him, leaving the classroom. Petitioner filed a petition for an SPO, and he also sought—and obtained—an *ex parte* temporary SPO. Respondent requested a hearing on the petition. At the hearing, respondent denied having placed his hand on

the door to the classroom. After the hearing, the trial court granted petitioner a permanent SPO.

Because it is undisputed that the letters that respondent sent to petitioner did not contain any communications that could have "instill[ed] in the addressee a fear of imminent and serious personal violence from the speaker," the letters were not qualifying "contacts" under ORS 30.866(1). Accordingly, we do not consider them in determining whether the record contains sufficient evidence and inferences to meet the statutory requirements for the issuance of an SPO. *Rangel*, 328 Or at 303; *see also McGinnis-Aitken v. Bronson*, 235 Or App 189, 230 P3d 935 (2010) (declining to consider as "contacts" in the SPO analysis letters that did not contain threats). Viewing the record *de novo*, we find that, at most, respondent engaged in one contact—the encounter with petitioner in the classroom—that possibly could be considered sufficiently alarming to qualify as a contact under ORS 30.866(1). It takes two. We therefore reverse.

Reversed.